IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01390-BNB

MIGUEL R. MARTINEZ,

    Applicant,

v.

WARDEN LOU ARCHULETA, FCF, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Miguel R. Martinez, filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Martinez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an amended application if he wishes to pursue any claims in this action.

    The application is deficient because Mr. Martinez fails to provide a clear statement of the claims he is asserting in this action. First, it is not clear whether the claims Mr. Martinez is asserting are federal constitutional claims. Review under 28 U.S.C. § 2254 is limited to alleged violations of federal law. *See* 28 U.S.C. § 2254(a); *Davis v. Workman*, 695 F.3d 1060, 1078 (10th Cir. 2012). In addition, even assuming Mr. Martinez is asserting federal constitutional claims, he fails to allege specific facts in

support of each claim showing that his federal constitutional rights have been violated.

For these reasons, Mr. Martinez must file an amended application. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Martinez must identify the specific federal constitutional claims he is asserting and the specific factual allegations that support each asserted claim. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Martinez file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. Martinez shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Martinez fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED May 21, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge