**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-01390-RM

MIGUEL R. MARTINEZ,

Applicant,

v.

WARDEN LOU ARCHULETA, FCF, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

## ORDER TO DISMISS IN PART

---

Applicant Miguel Martinez is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Martinez has filed a *pro se* amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) ("the Amended Application") challenging the validity of his conviction and sentence in Jefferson County District Court case number 10CR2259. On June 13, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On July 1, 2014, Respondents filed a Pre-Answer Response (ECF No. 11) arguing that all but two subparts of claim 2 in the Amended Application are procedurally defaulted. Respondents concede that the instant action is timely. On

July 18, 2014, Mr. Martinez filed a "Reply to People's Pre-Answer Response" (ECF No. 12) arguing that all of his claims are exhausted.

The Court must construe the Amended Application and other papers filed by Mr. Martinez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

On April 29, 2011, Mr. Martinez agreed to plead guilty to possession with intent to distribute a schedule II controlled substance, second or subsequent offense. (*See* ECF No. 11-1 at 9.) On June 6, 2011, he was sentenced to sixteen years in prison and five years of mandatory parole. (*See id.*) Mr. Martinez did not file a direct appeal.

On September 6, 2011, Mr. Martinez filed in the trial court a combined motion seeking relief pursuant to Rule 35 of the Colorado Rules of Criminal Procedure and appointment of counsel. (*See id.* at 8.) Counsel was appointed to represent Mr. Martinez in the state court postconviction proceedings. On January 5, 2012, the trial court denied the Rule 35 motion and a copy of the trial court's order is attached to the original application in this action. (*See* ECF No. 1 at 24-27.) The Colorado Court of Appeals subsequently affirmed the trial court's order denying the Rule 35 motion and a copy of the appellate court's order also is attached to the original application in this action. (*See id.* at 115-124.) On April 7, 2014, the Colorado Supreme Court denied Mr. Martinez's petition for writ of certiorari in the state court postconviction proceedings. (*See id.* at 126.)

The Amended Application was filed on June 12, 2014. Mr. Martinez does not provide a clear statement of each claim he is asserting in the Amended Application. However, Respondents discern the following claims in the Amended Application:

1. Breach of a plea agreement calling for an 8-year sentence in exchange for waiver of a preliminary hearing;

2 Ineffective assistance of trial counsel, in that:

   (a) counsel failed to insist on compliance with the earlier plea agreement;

   (b) counsel failed to investigate the possibility that the drugs in the bag Mr. Martinez was carrying belonged to his wife;

   (c) counsel advised Mr. Martinez that his chances of success at trial were small;

   (d) counsel advised Mr. Martinez to plead guilty to an added count charging a higher-class felony than was originally charged and incorrectly advised him that under the agreement:

      (i) he would be eligible for alternative sentencing; and

      (ii) the quantity of drugs in his possession when he was arrested would not be used against him at sentencing;

   (e) counsel advised Mr. Martinez against seeking to withdraw the guilty plea prior to sentencing;

   (f) counsel coerced Mr. Martinez into accepting the plea agreement; and

   (g) there was an actual conflict of interest between counsel and Mr. Martinez.

Mr. Martinez does not object to the manner in which his claims are identified and numbered by Respondents and the Court finds that the claims identified by Respondents are a fair and liberal construction of the Amended Application. Therefore, the Court will consider the claims as identified and numbered by Respondents.

## II. ONE-YEAR LIMITATION PERIOD

Respondents concede that this action is not barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents concede that claims 2(c) and 2(d) in the Amended Application are exhausted. However, Respondents argue that claims 1, 2(a), 2(b), and 2(e) - 2(g) are unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Martinez contends in his reply that all of the issues he is raising are exhausted and that he raised all of the issues in the trial court in his postconviction motions. However, he fails to demonstrate that any of his claims, other than claims 2(c) and 2(d), were fairly presented on appeal from the denial of his postconviction motions as is required in order to exhaust state remedies. The Court has reviewed Mr. Martinez's appellate briefs in the state court postconviction proceedings and finds that he did not fairly present to the state appellate courts any of the federal constitutional issues he raises in claims 1, 2(a), 2(b), and 2(e) - 2(g) in the Amended Application. (*See* ECF No. 1 at 35-61 (opening brief), 84-98 (reply brief), 99-113 (petition for writ of certiorari).) Therefore, the Court finds that Mr. Martinez fails to satisfy his burden of

demonstrating claims 1, 2(a), 2(b), and 2(e) - 2(g) in the Amended Application are exhausted.

## IV. PROCEDURAL DEFAULT

Although Mr. Martinez failed to exhaust state remedies for claims 1, 2(a), 2(b), and 2(e) - 2(g) in the Amended Application, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Martinez no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend, and the Court agrees, that Mr. Martinez no longer has an adequate and effective state remedy available to him, and that the unexhausted claims are procedurally defaulted, for two reasons. First, Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides that, with limited exceptions not applicable to Mr. Martinez's unexhausted claims, "[t]he court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought." Second, any attempt by Mr. Martinez to file another postconviction Rule 35(c) motion in Colorado state court now would be untimely. *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause). Thus, it is clear that Mr. Martinez may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts,

the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.*

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Martinez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Martinez fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure and Colo. Rev. Stat. § 16-5-402 are not independent and adequate. In any event, the Court finds that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VII) to reject claims that could have been raised in a prior postconviction motion). Colorado's statute of limitations for collateral attacks also is an independent and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless

Mr. Martinez demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Martinez must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Martinez can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Martinez makes no attempt to demonstrate cause and prejudice with respect to his unexhausted claims and he fails to demonstrate that a failure to consider the merits of his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, the unexhausted claims are procedurally barred and must be dismissed.

**V. CONCLUSION**

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and Respondents concede that claims 2(c) and 2(d) are exhausted. The Court agrees that claims 1, 2(a), 2(b), and 2(e) - 2(g) in the Amended Application are unexhausted and procedurally barred. Accordingly, it is

ORDERED that claims 1, 2(a), 2(b), and 2(e) - 2(g) in the Amended Application are DISMISSED because the claims are unexhausted and procedurally barred. It is further

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED July 30, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge