**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-01390-RM

MIGUEL R. MARTINEZ,

Applicant,

v.

WARDEN LOU ARCHULETA, FCF, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

Respondents.

---

**ORDER DENYING AMENDED APPLICATION FOR WRIT OF HABEAS CORPUS**

---

This matter is before the Court on the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) ("the Amended Application") filed *pro se* by Applicant Miguel R. Martinez. Respondents have filed an Amended Answer to § 2254 Application (ECF No. 23) ("the Amended Answer") and Mr. Martinez has filed Applicant's Reply to Respondents' Answer to § 2254 Application (ECF No. 25) ("the Traverse"). After reviewing the record, including the Amended Application, the Amended Answer, the Traverse, and the state court record, the Court finds and concludes that the Amended Application should be denied and the case dismissed with prejudice.

## I. BACKGROUND

Mr. Martinez is challenging the validity of his conviction and sentence in Jefferson County District Court case number 10CR2259. Mr. Martinez originally was charged with possession with intent to distribute a schedule II controlled substance, 25-

450 grams (Count One), a class 3 felony offense, and possession of drug paraphernalia (Count Two), a class 2 petty offense. (*See* ECF No. 11-1 at 3-4.) On January 25, 2011, the trial court granted the prosecution's motion to amend Count One to possession with intent to distribute a Schedule II controlled substance, 25-450 grams, second offense, a class 2 felony offense. (*See* ECF No. 1 at 42.) On April 29, 2011, Mr. Martinez agreed to plead guilty to an added Count Four charging possession with intent to distribute a schedule II controlled substance, second or subsequent offense, a class 2 felony offense. (*See* ECF No. 11-1 at 9.) On June 6, 2011, he was sentenced to sixteen years in prison and five years of mandatory parole. (*See id.*) Mr. Martinez did not file a direct appeal.

On September 6, 2011, Mr. Martinez filed in the trial court a combined motion seeking relief pursuant to Rule 35 of the Colorado Rules of Criminal Procedure and appointment of counsel. (*See id.* at 8.) Counsel was appointed to represent Mr. Martinez in the state court postconviction proceedings. On January 5, 2012, the trial court denied the Rule 35 motion and a copy of the trial court's order is attached to the original application in this action. (*See* ECF No. 1 at 24-27.) The Colorado Court of Appeals subsequently affirmed the trial court's order denying the Rule 35 motion and a copy of the appellate court's order also is attached to the original application in this action. (*See id.* at 115-124.) On April 7, 2014, the Colorado Supreme Court denied Mr. Martinez's petition for writ of certiorari in the state court postconviction proceedings. (*See id.* at 126.)

The Amended Application was filed on June 12, 2014. Mr. Martinez does not provide a clear statement of each claim he is asserting in the Amended Application.

However, Respondents discern the following claims in the Amended Application:

1. Breach of a plea agreement calling for an 8-year sentence in exchange for waiver of a preliminary hearing;

2 Ineffective assistance of trial counsel, in that:

(a) counsel failed to insist on compliance with the earlier plea agreement;

(b) counsel failed to investigate the possibility that the drugs in the bag Mr. Martinez was carrying belonged to his wife;

(c) counsel advised Mr. Martinez that his chances of success at trial were small;

(d) counsel advised Mr. Martinez to plead guilty to an added count charging a higher-class felony than was originally charged and incorrectly advised him that under the agreement:

(i) he would be eligible for alternative sentencing; and

(ii) the quantity of drugs in his possession when he was arrested would not be used against him at sentencing;

(e) counsel advised Mr. Martinez against seeking to withdraw the guilty plea prior to sentencing;

(f) counsel coerced Mr. Martinez into accepting the plea agreement; and

(g) there was an actual conflict of interest between counsel and Mr. Martinez.

In a prior order the Court determined that the claims identified by Respondents are a fair and liberal construction of the Amended Application. (*See* ECF No. 15 at 3.) In the same order the Court dismissed claims 1, 2(a), 2(b), and 2(e) - 2(g) as unexhausted and procedurally barred. Therefore, only claims 2(c) and 2(d) remain to be addressed on the merits. Although Mr. Martinez includes arguments in the Traverse relevant to the merits of some of the dismissed claims and in particular claim 2(g), the Court will not address his arguments regarding the merits of the dismissed claims.

## II. STANDARDS OF REVIEW

The Court must construe the Amended Application and other papers filed by Mr. Martinez liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Martinez bears the burden of proof under § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

The Court reviews claims of legal error and mixed questions of law and fact pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question the Court must answer under § 2254(d)(1) is whether Mr. Martinez seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

decision." *Id*. at 412. Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1). *See id*. at 1018.

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law. *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id*. at 407-08.

*House*, 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective inquiry. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id*. at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. Furthermore,

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. [I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (internal quotation marks and citation omitted). In conducting this analysis, the Court "must determine what arguments or theories supported or . . . could have supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

Under this standard, "only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671; *see also Richter*, 131 S. Ct. at 786 (stating that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable").

> As a condition for obtaining habeas corpus from a federal

> court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. 786-87.

The Court reviews claims asserting factual errors pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows the Court to grant a writ of habeas corpus only if the relevant state court decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Mr. Martinez bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, the Court's analysis is not complete "[e]ven if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006). "Unless the error is a structural defect in the trial that defies harmless-error analysis, [the Court] must apply the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . ." *Id.*; *see also Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (providing that a federal court must conduct harmless error analysis under *Brecht* anytime it finds constitutional error in a state court proceeding regardless of whether the state court found error or conducted harmless error review). Under *Brecht*, a constitutional error does not warrant habeas

relief unless the Court concludes it "had substantial and injurious effect" on the jury's verdict. *Brecht*, 507 U.S. at 637. "A 'substantial and injurious effect' exists when the court finds itself in 'grave doubt' about the effect of the error on the jury's verdict." *Bland*, 459 F.3d at 1009 (citing *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). "Grave doubt" exists when "the matter is so evenly balanced that [the Court is] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435. The Court make this harmless error determination based upon a review of the entire state court record. *See Herrera v. Lemaster*, 225 F.3d 1176, 1179 (10th Cir. 2000).

If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## III. MERITS OF APPLICANT'S REMAINING CLAIMS

The Court will address the remaining claims together because both claims raise issues of ineffective assistance of counsel. Mr. Martinez alleges in claim 2(c) that counsel was ineffective by advising Mr. Martinez his chances of success at trial were small. He alleges in claim 2(d) that counsel was ineffective by advising Mr. Martinez to plead guilty to an added count charging a higher-class felony than was originally charged and incorrectly advising him that under the agreement: (i) he would be eligible for alternative sentencing; and (ii) the quantity of drugs in his possession when he was arrested would not be used against him at sentencing. As noted above, although Mr. Martinez agreed to plead guilty to an added count charging a higher-class felony (class 2) than was originally charged (class 3), the original charge had been amended to a

class 2 felony offense, the same degree felony as the added count.

It was clearly established when Mr. Martinez was convicted that a defendant has a Sixth Amendment right to the effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel claims are mixed questions of law and fact. *See id*. at 698.

To establish that counsel was ineffective under *Strickland* Mr. Martinez must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *See id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. It is Mr. Martinez's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id*. "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Furthermore, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

Under the prejudice prong, Mr. Martinez must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 131 S. Ct. at

792 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). To show prejudice in the context of a guilty plea, Mr. Martinez must demonstrate a reasonable probability that, but for counsel's alleged errors, he would not have pled guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In determining whether Mr. Martinez has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to Mr. Martinez. *See Boyd*, 179 F.3d at 914.

Finally, conclusory allegations that counsel was ineffective are not sufficient to warrant habeas relief. *See Humphreys v. Gibson*, 261 F.3d 1016, 1022 n.2 (10th Cir. 2001). If Mr. Martinez fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claims must be dismissed. *See Strickland*, 466 U.S. at 697.

The Colorado Court of Appeals applied the two-part *Strickland* test and reasoned as follows in rejecting the remaining ineffective assistance of counsel claims:

> Martinez argues that, had he known that the trial court was going to sentence him to sixteen years in prison rather than to probation and drug treatment, he would not have pleaded guilty. In his Crim. P. 35(c) motion, he framed this complaint as an ineffective assistance of counsel claim, alleging that his plea counsel made "false pretenses that he might have a chance of Alternative Sentencing and/or a possibility of Drug Treatment."
>
> Even if we accept Martinez's allegation as true, the record reflects that counsel's advice was accurate. At the providency hearing, the trial court confirmed that Martinez was probation-eligible, and his counsel requested that Martinez be screened "for ISP, P[e]er I, ICCS and recovery court," a request that the trial court granted. The trial court also carefully explained to Martinez [at] the providency hearing that his potential prison sentence fell within the aggravated range of sixteen to forty-eight years, but that he was probation-eligible, and that the trial court did not yet

> know what sentence it would ultimately deem appropriate. Thus, counsel's representation to Martinez that he might have a chance of alternative sentencing and drug treatment was accurate and did not constitute ineffective assistance. *See Davis*, 871 P.2d at 772.
>
> Martinez also alleged in his Crim. P. 35(c) motion that counsel was ineffective for counseling him that he would not have a chance of winning an acquittal at trial. Here, too, the record indicates that counsel's advice did not constitute ineffective assistance. At the providency hearing, the prosecutor recited the factual basis for the charges, namely, that police officers caught Martinez in possession of a duffle bag containing approximately 270 grams of methamphetamine packaged in six different baggies, a scale, several pay and owe sheets, and two cell phones. Martinez admitted at the providency hearing that the recited factual basis was accurate. The evidence indicates that Martinez had a low possibility of success if he had taken the case to trial, and counsel did not provide ineffective assistance by giving Martinez a strongly worded warning to that effect. *See People v. Adams*, 836 P.2d 1045, 1048 (Colo. App. 1991) ("Competent advice of counsel, albeit stated in strong language, does not constitute coercion standing alone. And, the duty of defense counsel, after conducting a thorough investigation, is to discuss the case with complete candor and to offer the best estimate possible as to the outcome.") (citations omitted).
>
> Martinez further alleged in his Crim. P. 35(c) motion that counsel inaccurately told him that the amount of drugs involved could not be used against him at sentencing. Assuming the truth of this allegation, we conclude Martinez has not shown that he was prejudiced as a result of counsel's representation. Although the trial court did mention during sentencing the amount of drugs involved, the sentencing hearing transcript reflects that the trial court sentenced Martinez to sixteen years in prison rather than probation because (1) he had a large number of prior drug convictions, and (2) while defendant was on bond in this case he left Colorado in violation of his probation conditions and was charged with drug possession in another state.

(ECF No. 1 at 119-121.)

Mr. Martinez fails to demonstrate that the decision of the Colorado Court of Appeals rejecting his remaining ineffective assistance of counsel claims was contrary to clearly established law. In other words, he does not cite any contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result. *See House*, 527 F.3d at 1018.

Mr. Martinez also fails to demonstrate that the decision of the Colorado Court of Appeals rejecting the remaining ineffective assistance of counsel claims was an unreasonable application of clearly established federal law. With respect to claim 2(c), in which he contends counsel was ineffective by advising him his chances of success at trial were small, Mr. Martinez argues in the Traverse that the state court's rejection of that claim was based on erroneous factual determinations and that there is clear and convincing evidence he is probably innocent because the duffel bag in his possession when he was arrested, and the drugs in that bag, belonged to his wife. According to Mr. Martinez,

> the drugs found were, in fact, not Martinez [sic] drugs. He was not sure there was even drugs in the black bag (he only thought drug paraphernalia was in the bag) and had he known the actual contents of the bag, and the amount of drugs, he would have never taken off with it knowing the police were dispatched. The fact still remains that Mr. Martinez [sic] wife admitted that the black duffel bag was her's and then plead guilty to the possession of those drugs; this was mentioned in the transcripts at sentencing.

(ECF No. 25 at 5.)

Pursuant to § 2254(e)(1), the Court presumes that the state court's factual determinations are correct and Mr. Martinez bears the burden of rebutting the presumption by clear and convincing evidence. He has not met this burden. The state

court record confirms, as the Colorado Court of Appeals noted, that Mr. Martinez admitted at the providency hearing that the factual basis for his guilty plea presented by the prosecution was correct; i.e., he was caught in possession of a duffle bag containing approximately 270 grams of methamphetamine packaged in six different baggies, a scale, several pay and owe sheets, and two cell phones. This admission in open court carries "a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Furthermore, even in the Traverse Mr. Martinez contends only that there is clear and convincing evidence to prove he is "probably" innocent.

In light of these facts and admissions, the state court's legal conclusion that counsel was not ineffective in advising Mr. Martinez that his chance of success at trial were small is not an unreasonable application of clearly established federal law. Mr. Martinez is not entitled to habeas relief with respect to claim 2(c) because he fails to demonstrate that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. 786-87.

Mr. Martinez does not present any argument in the Traverse that specifically addresses the state court's rejection of his ineffective assistance of counsel arguments in claim 2(d), in which he contends counsel was ineffective by advising him to plead guilty to an added count charging a higher-class felony than was originally charged and incorrectly advising him that under the agreement: (i) he would be eligible for alternative sentencing; and (ii) the quantity of drugs in his possession when he was arrested would not be used against him at sentencing. In any event, the unrebutted facts as determined by the Colorado Court of Appeals demonstrate that Mr. Martinez

was eligible for alternative sentencing and that,

> [a]lthough the trial court did mention during sentencing the amount of drugs involved, the sentencing hearing transcript reflects that the trial court sentenced Martinez to sixteen years in prison rather than probation because (1) he had a large number of prior drug convictions, and (2) while defendant was on bond in this case he left Colorado in violation of his probation conditions and was charged with drug possession in another state.

(ECF No. 1 at 121.) In light of these facts, Mr. Martinez's conclusory allegations that counsel was ineffective fail to demonstrate the state court's rejection of claim 2(d) was an unreasonable application of clearly established federal law. Therefore, Mr. Martinez also is not entitled to relief with respect to claim 2(d).

## IV. CONCLUSION

In summary, the Court finds that Mr. Martinez is not entitled to relief on either of his remaining claims. Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) is denied and this case is dismissed with prejudice. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED October 2, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge